Requestor: David Avstreih, Esq., Corporation Counsel City of Mount Vernon 12 Roosevelt Square Mount Vernon, New York 10550
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
You have asked whether a city may establish a procedure which authorizes entrance of a guilty plea and the payment of fines by mail for violations of its local laws.
Your letter notes that the City Court is faced with a situation where summonses are issued for various offenses against the city's regulations such as littering, failure to clean up property, etc. These offenses are classified as violations under the Penal Law. Penal Law §10.00(3). In the event that a defendant fails to appear in court at the time directed on the appearance ticket, the case will be rescheduled. If the defendant fails to appear at two additional rescheduled terms, an arrest warrant is issued. Your letter notes that this arrest warrant "is never executed for many good reasons". Your question is whether the city may enact a local law allowing violators to mail in fines, much in the same way as those guilty of traffic infractions do.
By way of background, we note that the local criminal courts have trial jurisdiction of all offenses other than felonies, subject to divestiture in any particular case by superior courts. Criminal Procedure Law §10.30(1) and (2). They have, with one exception, exclusive trial jurisdiction of petty offenses and concurrent jurisdiction with superior courts of misdemeanors. Ibid. City courts are local criminal courts. Id. § 10.10(3)(c).
In the past, we have regularly concluded that these provisions, which give the city court jurisdiction over offenses and govern criminal procedure in the courts, may not be superseded by local law. Municipal Home Rule Law § 11(1)(e); see 1982 Op Atty Gen (Inf) 170; 1980 Op Atty Gen 42; 1980 Op Atty Gen (Inf) 243. Section 11 of the Municipal Home Rule Law specifically limits the city's local law power, preventing it from enacting any local law, inconsistent with a State law, which "[a]pplies to or affects the courts as required or provided by article six of the constitution".
Our review of the CPL leads us to conclude that a city may not establish a procedure whereby persons accused of violating city regulations are allowed to mail in fines without being required to make a court appearance. The pleading requirements of the Criminal Procedure Law are the main obstacles. A person accused of violating a city regulation must be convicted of the offense before he is required to pay a fine. That conviction can only occur after a guilty plea, or a guilty verdict. CPL § 340.20.
Title K of the CPL establishes the procedure for the prosecution of informations* in local criminal courts. Id., §§ 340.10-340.50. Section 340.20 governs the plea and requires a defendant to be physically present in the courtroom when entering his plea. Id., §§ 220.00, 340.20(1). An exception is made for pleas to informations: the defendant's attorney may enter the plea on behalf of the defendant, if the judge allows it, and if the defendant has waived his right to plead to the information in person. Id., § 340.20(2)(a).
Accordingly, an individual who wishes to plead guilty to a violation of the city's local laws must physically appear in court to plead guilty to the crime, or give written authorization permitting counsel to enter the plea on his or her behalf in open court.**
Apart from the requirement of a personal appearance by a defendant or his or her attorney for purposes of the plea, there is no other requirement that a defendant make a personal appearance. Sentencing of a defendant under these circumstances is governed by article 380 of the CPL. When the defendant is being sentenced for a misdemeanor or petty offense, the right to be present at the sentencing may be waived. Id., § 380.40(2). There is no requirement in the CPL that the fine be paid in person. Accordingly, we see no reason why the defendant cannot mail in the fine — but only after sentence is imposed.
We conclude that offenses against the local laws of a city that are classified as violations must be adjudicated in accordance with the Criminal Procedure Law. The CPL requires the defendant's personal appearance to enter his plea, or in the alternative, an appearance by the defendant's attorney to enter the plea on the defendant's behalf. Plea of guilty by mail is not authorized.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* An information is the accusatory instrument which charges a defendant with the commission of one or more offenses, none of which is a felony. Id., §§ 1.20(4); 100.00 et seq.
** An exception also exists for traffic offenses, which are adjudicated pursuant to the procedure established in article 45 of the Vehicle and Traffic Law, the provisions of which are not applicable to non-traffic related offenses such as those described in your letter. V 
T Law §§ 1800, et seq.; 1988 Op Atty Gen (Inf) 106.